Wood, J.
In an action of ejectment, the equities of the parties» if any exist, can not be adjusted. They must be settled in another forum. It is the legal title only which is recognized as the ground of tho action, and the plaintiff must recover, if at all, entirely on the strength of his own title. The legal title, when ascertained, whether in the plaintiff or in the defendant, draws to it the judgment of the court.
Has the plaintiff any legal title in this case ?
It has been held, as often as the question has been made in our court, that the legal title to lands and tenements is not transmitted to the grantee by a conveyance, unless executed, substantially at least, in pursuance of the requisitions of the statute. They require every species of deed to be acknowledged by the grantor, and isuch acknowledgment to be certified by the magistrate or person before whom it is made. Does the certificate in this case furnish any evidence of a compliance with the law? This must depend solely on the fact whether blank, and-Ezekiol Folsom, the grantoiy are synonymous. *If Folsom is blank, and blank is Folsom, the execution of the mortgage is complete; but as no evidence is adduced to prove these facts, we know of no rule of law which will authorize us to infer that Ezekiel Folsom, the grantor, is just nobody at all; especially as he has conveyed his land twice,. and an honest plaintiff, seventy years of age, has lost his entire property by the operation.
It is clear, we regret to say, that no legal estate was conveyed *234 by this defectively executed mortgage to the plaintiff. The legal title remained in Folsom. He had conveyed it to Anthony, and Anthony to Hunt, the defendant, long beforo the institution "of the chancery suit, and to which Hunt was not a party.
The plaintiff, therefore, acquired no logal title by his purchase under tho decree in chancery, and judgment must be entered for-the defendant. Judgment for defendant.